**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LEMUEL M. FENDER,

    Plaintiff,

-vs-                                                               Case No. 8:07-cv-229-T-30MSS

FLORIDA DEP'T OF CORRECTIONS, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court for consideration of Plaintiff's Motion To Enjoin Defendants from Retaliatory Acts (Dkt. 2). Plaintiff requests that the Court enter an order for "retaliatory protection from [D]efendants" (Dkt. 2 at 1). The Court finds that Plaintiff has failed to establish that an emergency situation exists which requires immediate intervention by the Court.

Plaintiff did not serve Defendants with a copy of the complaint or the instant motion. A temporary restraining order ("TRO") may be granted without notice only if (1) "it clearly appears from specific facts . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). A TRO requires the movant to demonstrate the same four elements as a

preliminary injunction.[1]  *See Parker v. State Bd. Of Pardons & Parole*, 275 F.3d 1032, 1034-35 (11th Cir.), *cert. denied*, 534 U.S. 1072 (2001).

Having considered Plaintiff's arguments, the Court is not satisfied that a restraining order issued without notice and hearing is appropriate in this case. *See* Fed. R. Civ. P. 65(b); Local Rule 4.05(b) (M.D. Fla. 2005). Plaintiff has not set forth any efforts to give notice to Defendants. The Court has considered Plaintiff's request and finds that the bald assertion that an injunction is necessary to prevent "[D]efendants from arbitrary and retaliatory prison transfers, harassment[,] or other measures that *may* be utilized to discourage the pursuit of Plaintiff's civil complaint"[2] is insufficient to support the conclusion that immediate and irreparable injury, loss, or damage will result to him before Defendants may be heard in opposition.  Fed. R. Civ. P. 65(b).

ACCORDINGLY, the Court **ORDERS** that the Motion To Enjoin Defendants from Retaliatory Acts (Dkt. 2) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Plaintiff
SA:jsh

---

[1] "A party seeking a preliminary injunction must establish the following four factors:  (1) a substantial likelihood of success on the merits;  (2) a threat of irreparable injury, (3) that its own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999), *cert. denied*, 530 U.S. 1288 (2000).

[2] *See Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("complaints of past abuse . . . [and] vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are . . . insufficient and lack the specificity necessary to show an *imminent* threat of *serious* physical injury").